UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TERRY ELDRIDGE,    )<br>             ) <br>         Petitioner,    ) <br>    vs.            )    2:10-cv-192-JMS-DKL <br>             ) <br> SUPERINTENDENT, Putnamville ) <br>  Correctional Facility,      ) <br>             ) <br>         Respondent.     ) | |

### Entry Discussing Petition for Writ of Habeas
### Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Terry Eldridge ("Eldridge") for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### I.  The Petition for Writ of Habeas Corpus

**Background**

A host of drug-related charges against Eldridge were resolved in an Indiana state court through a plea agreement between Eldridge and the State of Indiana. Pursuant to the terms of that plea agreement, Eldridge pled guilty to felony dealing in cocaine, felony possession of cocaine and a firearm, misdemeanor resisting law enforcement. He was sentenced to three concurrent sentences, the longest of which was 20 years. Several other charges were dismissed. There was no direct appeal from this disposition.

Eldridge challenged his conviction in an action for post-conviction relief. After a hearing at which Eldridge's former attorney was the only witness called, the trial court denied post-conviction relief. The Indiana Court of Appeals affirmed the denial Eldridge's amended petition for post-conviction relief in *Eldridge v. State*, 49A04-0806-PC-352 (Ind.Ct.App. 2009) (*Eldridge*). On October 22, 2009, the Indiana Supreme Court denied Eldridge's petition to transfer.

Eldridge then filed the present action. He seeks relief pursuant to 28 U.S.C. § 2254(a). His claim is that he was denied the effective assistance of counsel.

**Applicable Law**

In the exercise of its habeas jurisdiction, a federal court may grant relief only if the petitioner shows that he is in custody "in violation of the Constitution or laws of the United States." *Id.*

Eldridge filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). The petition, therefore, is subject to the AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997). When a habeas petitioner's claim was adjudicated on the merits in State court proceedings "federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010), Instead, in such circumstances federal habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless" the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The Supreme Court has recently issued several rulings emphasizing the wide latitude that must be accorded to state court rulings under AEDPA review. *See, e.g. Harrington v. Richter,* 131 S. Ct. 770, 785 (2011); *Premo v. Moore,* 131 S. Ct. 733, 743 (2011); *Renico v. Lett,* 130 S. Ct. 1855, 1862-66 (2010); *Thaler v. Haynes,* 130 S. Ct. 1171, 1173-75 (2010). In particular, the Supreme Court has stressed that section 2254, as amended by AEDPA, was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been "extreme malfunctions in the state criminal justice systems." *See Harrington,* 131 S. Ct. at 786. As a result, the Supreme Court has concluded that, so long as "fairminded jurists could disagree" on the correctness of the state court's decision, federal habeas relief should not be granted. *Id.* (quoting *Yarborough v. Alvarado,* 124 S. Ct. 2140, 2149 (2004)). Therefore, even if the federal court disagrees with the state court ruling, the federal court should not grant habeas relief unless the state court ruling was objectively unreasonable. *See id.* at 785 ("an unreasonable application of federal law is different from an incorrect application of federal law.") (quoting *Williams v. Taylor,* 120 S. Ct. 1495, 1522 (2000) (emphasis in original)).

If a claim is not adjudicated on the merits in state court proceedings for purposes of § 2254(d), AEDPA deference is not triggered and a habeas court uses the general standard set forth in 28 U.S.C. § 2243, which requires the court "to dispose of the matter as law and justice require." *See Porter v. McCollum,* 130 S. Ct. 447, 452

(2009)(citing *Rompilla v. Beard*, 545 U.S. 374, 390 (2005)); *Canaan v. McBride,* 395 F.3d 376, 383 (7th Cir. 2005); *Newell v. Hanks,* 283 F.3d 827, 838 (7th Cir. 2002)(the deferential standard of § 2254(d)(1) only applies to claims which the Indiana courts adjudicated on their merits) (citing cases).

### Discussion

The "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), pertaining to Eldridge's claim is supplied by *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel under *Strickland,* the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Id.* For a petitioner to establish that "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Id.* at 687.

With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In determining whether counsel's performance was constitutionally deficient, the Court's review of counsel's performance is "highly deferential," and the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Davis v. Lambert,* 388 F.3d 1052, 1059 (7th Cir. 2004). With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004).

Ineffective assistance of counsel renders a plea involuntary. *United States v. Carroll,* 412 F.3d 787, 793 (7th Cir. 2005). To satisfy the *Strickland* standard in the context of a guilty plea, a petitioner must show that "counsel's advice regarding the plea was objectively unreasonable and that there is a reasonable probability that but for counsel's error, [petitioner] would not have pled guilty, but would have insisted upon a trial." *Moore v. Bryant,* 348 F.3d 238, 241 (7th Cir. 2003) (citing *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)).

"The bar for establishing that a state court's application of the *Strickland* standard was 'unreasonable' is a high one, and only a clear error in applying *Strickland* will support a writ of habeas corpus." *Allen v. Chandler*, 555 F.3d 596, 600 (7th Cir. 2009). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington,* 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether

there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.; see also Kerr v. Thurmer*, 639 F.3d 315, 318-19 (7th Cir. 2011).

In Eldridge's case, the Indiana Court of Appeals recognized the *Strickland* standard and examined the circumstances surround the plea and the sentence. The parties agree that the AEDPA deference applies and that Eldridge's claim is that the Indiana Court of Appeals' application of *Strickland* was objectively unreasonable.[1] As discussed above, a state court unreasonably applies controlling Supreme Court precedent when it "identifies the correct governing legal rule" from the Court's cases, "but unreasonably applies it to the facts of the particular state prisoner's case." *Williams v. Taylor,* 529 U.S. 362, 407 (2000). An unreasonable application also occurs when a state court unreasonably refuses to extend a governing legal principle to a context in which it should have controlled, or "unreasonably extends a principle to a situation in which it should not have controlled." *Jones v. Basinger*, 635 F.3d 1030, 1044 (7th Cir. 2011). Only the former strain is implicated by Eldridge's arguments.

The Indiana Court of Appeals examined the claim of ineffective assistance of counsel. Although argued through various specifications both in *Eldridge* and here, "ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed." *Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005); *see also Balfour v. Haws*, 892 F.2d 556, 562-63 (7th Cir. 1989) (noting that for specific allegations of ineffective assistance courts must "weigh the overall quality of representation provided to the defendant" and not individual shortcomings). This point was made in *Payne v. Brown*, 2011 WL 5505331, *2 (7th Cir. 2011) (citing *Williams v. Lemmon,* 557 F.3d 534, 538 (7th Cir. 2009)("It is essential to evaluate the entire course of the defense, because the question is not whether the lawyer's work was error-free, or the best possible approach, or even an average one."); *see also Raygoza v. Hulick*, 474 F.3d 958, 963 (7th Cir. 2007). It may be added that there is in this case no single error "'sufficiently egregious and prejudicial'" to support a claim of the denial of the effective assistance of counsel. *Williams v. Lemmon,* 557 F.3d at 538 (quoting *Murray v. Carrier,* 477 U.S. 478, 496 (1986)).

As was the case in *Payne,* the respondent eschews evaluation of the overall performance of counsel and addresses each argument separately. In any event, the detail with which the Indiana Court of Appeals examined the circumstances surrounding the plea demonstrates that Court's comprehensive consideration of Eldridge's challenge. Turning to that examination, therefore, the following emerges relative to the specific contentions presented in this case:

---

[1] Eldridge's argument invoking the narrow circumstances encountered in *United States v. Cronic,* 466 U.S. 648 (1984), is frivolous.

- Eldridge's argument that there was an affirmative defense which counsel failed to investigate is baseless because the Indiana Court of Appeals explained that the facts he offered in support of this argument would not have supported this defense. *Eldridge,* at p. 9 ("Eldridge's claim that his trial counsel should have moved to dismiss is based on legal precedent that has long since been overruled."). It was not deficient performance by Eldridge's counsel to not file a motion to dismiss under these circumstances. *See, e.g., Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001)("It is not deficient performance to fail to raise an argument with no real chance of success.").

- Eldridge's related contention that there should have been a challenge to the probable cause affidavit is a variation of the argument referred to above.

- Eldridge received substantial benefit in obtaining a cap on his sentences. He obtained the dismissal of several counts, including five felony counts. This established that he was not prejudiced by the potential double jeopardy issue which was not argued by counsel. *Id.* at p. 8 ("in the absence of evidence to the contrary, we presume that Eldridge's trial counsel performed effectively, and Eldridge decided, with the aid of counsel, that the benefit of pleading guilty to the plea agreement outweighed the cost of the two convictions for which he was to be sentenced concurrently").

The Indiana Court summed up its finding: "Eldridge has failed to demonstrate that his counsel's performance was deficient in any way, or that he was prejudiced in any way." *Eldridge,* at p.11. The foregoing conclusion is well within the spectrum of permissible AEDPA deference. That conclusion, even if understood as embracing rejection of Eldridge's claim that his attorney did not provide proper or sufficient information permitting him to make a valid guilty plea, was not objectively unreasonable. Even if this last specification is positioned to warrant *de novo* review, Eldridge would not prevail. There was not an iota of evidence presented at the hearing on Eldridge's petition for post-conviction relief to support an inference that that but for counsel's error Eldridge would not have pled guilty, but would have insisted upon a trial. This is a particularized conclusion showing that he was not prejudiced by the advice he received. *Hutchings v. U.S.,* 618 F.3d 693, 697 (7th Cir. 2010)("To establish prejudice in the pleading context, the petitioner must prove that there is a reasonable probability that he would not have pled guilty absent his attorney's deficient conduct. To make that showing, the petitioner must do more than simply allege that he would have insisted on going to trial; he must also come forward with objective evidence that he would not have pled guilty. . . . Objective evidence includes the nature of the misinformation provided by the attorney to the petitioner and the history of plea negotiations.") (internal quotation and citations

omitted); United *States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005)("In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently.")(citing cases).

### Conclusion

A federal habeas court's role in reviewing state prisoner applications was modified by the AEDPA "in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002). The requirements of the AEDPA "create an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings." *Uttecht v. Brown,* 127 S. Ct. 2218, 2224 (2007) (citations omitted). As the Supreme Court recently explained, the AEDPA's requirements reflect "the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011) (quoting *Jackson v. Virginia,* 443 U.S. 307, 332 n.5 (1979)).

Having applied the appropriate standard of review, and having considered the pleadings and the expanded record, Eldridge's petition for writ of habeas corpus must be denied. Judgment consistent with this Entry shall now issue.

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Eldridge has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 12/28/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana